ON MOTION TO REMAND
BLANCHE, Judge.
We erroneously ordered a remand of this case to the trial court for the express purpose of taking additional evidence on certain issues relating to the improper behavior of certain jurors during the conduct of the trial. We relied on Article 1814 of the Code of Civil Procedure which provides :
“A new trial shall be granted if it be proved that the jury was bribed or has behaved improperly so that impartial justice has not been done.”
Our error in relying on this provision lies in the fact that we had overlooked that the delay for applying for a new trial had long since expired and the judgment was, therefore, final. Any consideration we may have entertained thereafter to remand the case should have been on appeal.
On further review of the record, we note that the matters on which appellant sought a new trial had been thoroughly considered by the trial judge and by him rejected as insufficient cause for which to grant a new trial. Moreover, writs were applied for by appellant to this Court which sought our review of the trial court’s judgment refusing to grant a new trial. We refused to issue writs, statiñg that the trial court did not abuse its discretion in refusing to grant a new trial. No notice of intention to apply for a writ of review to the Supreme Court of Louisiana to review our judgment refusing the writ application has been made, and the delays for such an application have expired.
Since the judgment of the trial court is a final judgment and is properly reviewable by us on appeal, the motion to remand is recalled.
Motion to remand recalled.